## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CURTIS MASSEY** | : | **CIVIL ACTION** |
| **5752 FILBERT ST.** | : | |
| **PHILADELPHIA, PA 19139** | : | |
| **AND** | : | |
| **SENEIT ALAMAYO** | : | |
| **5752 FILBERT ST.** | : | |
| **PHILADELPHIA, PA 19139** | : | |
| | : | |
| **V.** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **1515 ARCH ST. 14TH FLOOR** | : | |
| **PHILADELPHIA, PA 19102** | : | |
| **AND** | : | |
| **OFFICE OF THE DISTRICT** | : | |
| **ATTORNEY OF THE** | : | |
| **CITY OF PHILADELPHIA** | : | |
| **3 S. PENN SQUARE** | : | |
| **PHILADELPHIA, PA 19107** | : | |
| **AND** | : | |
| **KATHLEEN KANE** | : | |
| **OFFICE OF THE PENNSYLVANIA** | : | |
| **ATTORNEY GENERAL** | : | |
| **21 S. 12TH ST., 3RD FLOOR** | : | |
| **PHILADELPHIA, PA 19107** | : | |
| **AND** | : | |
| **SERGEANT DONALD C. O'HARA** | : | |
| **BADGE NUMBER 308** | : | |
| **1515 ARCH ST. 14TH FLOOR** | : | |
| **PHILADELPHIA, PA 19102** | : | |
| **AND** | : | **JURY TRIAL DEMANDED** |
| **POLICE OFFICERS JOHN DOE#1-15** | : | |
| **1515 ARCH ST. 14TH FLOOR** | : | |
| **PHILADELPHIA, PA 19102** | : | **NO.:** |

## COMPLAINT

1.   Plaintiff, Curtis Massey, is an adult citizen and resident of the Commonwealth of

Pennsylvania residing as captioned.

2.      Plaintiff, Seneit Alamayo, is an adult citizen and resident of the Commonwealth of Pennsylvania residing as captioned.

3.      Defendant, City of Philadelphia, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

4.      Defendant, Office of the District Attorney of the City of Philadelphia, is a law enforcement agency organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

5.      Defendant, Kathleen Kane, is the Pennsylvania Attorney General and highest ranking official of the Office of the Pennsylvania Attorney General, hereinafter referred to as OPAG, which is a state agency operating under the laws of the Commonwealth of Pennsylvania, who maintains her principal offices as captioned.

6.      Defendant, Sergeant Donald C. O'Hara was at all material times a member of the Gun Violence Task Force and employed as a Police Officer by the City of Philadelphia Police Department, Office of the District Attorney of the city of Philadelphia and/or OPAG.

7.      Defendants, Police Officers John Doe #1-15 were at all material times members of the Gun Violence Task Force and employed as Police Officers by the Philadelphia Police Department, Office of the District Attorney of the City of Philadelphia and/or OPAG.

8.      At all material times, the defendants, City of Philadelphia, Office of the District Attorney of the City of Philadelphia and/or OPAG were charged with the responsibility of testing, hiring, training, disciplining and supervising police officers

working for the Gun Violence Task Force, including in particular defendants Sergeant Donald C. O'Hara and Police Officers John Doe #1-15.

9.   At all material times, defendants, Sergeant Donald C. O'Hara and Police Officers John Doe #1-15 acted within the course and scope of their employment, with the Gun Violence Task Force under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, Office of the District Attorney of the City of Philadelphia and/or OPAG.

10.  The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. §1331 and §1343 and jurisdiction over any State Law Claims, pursuant to the principals of pendant and ancillary jurisdiction

11.  Venue is proper under 28 U.S.C. §1391(b) because this incident occurred in Philadelphia, Pennsylvania, which is in the Eastern District of Pennsylvania.

12.  On or about Wednesday April 10, 2013, at approximately 6:45am, the plaintiffs, Curtis Massey and Seneit Almayo, were asleep in their bed at 5752 Filbert St. in Philadelphia Pennsylvania, when defendants Sergeant Donald C. O'Hara and Police Officers John Doe #1-15 broke through the front door and the bedroom door of their house with guns drawn.

13.  Defendants Sergeant Donald C. O'Hara and Police Officers John Doe #1-15 ordered the plaintiffs to get out of their bed at gun point.

14.  Defendants Sergeant Donald C. O'Hara and Police Officers John Doe #1-15 made the plaintiffs, Curtis Massey and Seneit Alamayo stand in their bedroom at gun point with their hands up while they shouted, "where is Tyrik?".

15.     Plaintiffs, Curtis Massey and Seneit Alamayo informed defendants, Sergeant Donald C. O'Hara and Police Officers John Doe #1-15, that they did not know who Tyrik is.

16.     Defendants Sergeant Donald C. O'Hara and Police Officers John Doe #1-15 then permitted the plaintiffs to put their clothes on and walked them downstairs.

17.     At that point and time defendants Sergeant Donald C. O'Hara and Police Officers John Doe #1-15 realized their mistake and apologized to the plaintiffs, Curtis Massey and Seneit Alamayo.

18.     Sergeant Donald C. O'Hara was at all times relevant hereto the highest ranking officer on the scene and responsible for supervising Police Officers John Doe #1-15 and failed to prevent their use of excessive force despite having a reasonable opportunity to do so.

19.     Defendants, Police Officers John Doe #1-15 were present in close proximity to the plaintiffs and Sergeant Donald C. O'Hara and other officers during the entirety of the above incident, knew that the plaintiffs were being subjected to excessive force, and illegal seizure and could have intervened to stop it.

20.     Notwithstanding the above, Police Officers John Doe #1-15 took no action to stop Sergeant Donald C. O'Hara and other officers.

21.     Sergeant Donald C. O'Hara and/or Police Officers John Doe #1-15, directly violated the plaintiffs Fourth Amendment rights by using excessive or unreasonable force against them during the course of the incident.

22.     Sergeant Donald C. O'Hara and/or Police Officers John Doe #1-15, direct involvement in the violation of the plaintiff's Fourth Amendment rights was a result of a policy, practice and/or custom of condoning or acquiescing in the use of unreasonable force by

the City of Philadelphia Police, Office of the District Attorney of the City of Philadelphia Police Officers and/or OPAG Police Officers.

23. Sergeant Donald C. O'Hara and/or Police Officers John Doe #1-15 use of excessive and unreasonable force was a continuing pattern that sends a message to other police officers at the Gun Violence Task Force, that the use of excessive or unreasonable force is acceptable and establishes an unconstitutional practice, policy and/or custom of condoning or acquiescing in the use of unreasonable force by Officers of the City of Philadelphia Police, Office of the District Attorney of the City of Philadelphia Police Officers and/or OPAG.

24. As a direct and proximate result of the actions of defendants, Sergeant Donald C. O'Hara and Police Officers John Doe #1-15, as more fully set forth above, the plaintiff, Curtis Massey and/or seneit alamayo has suffered serious personal injuries, including but not limited to, chest pain, blood pressure, weakness, fainting, anxiety, fear and loss of sleep and appetite, all of which required medical care and treatment, and will continue to require medical care and treatment into the future.

25. As a further direct and proximate result of the actions of defendants, Sergeant Donald C. O'Hara and Police Officers John Doe #1-15, as more fully set forth above, the plaintiffs, Curtis Massey and/or Seneit Alamayo, has suffered agonizing aches and severe physical pains, disability, anguish and humiliation, and will continue to suffer same for an indefinite time in the future, to his great detriment and loss.

26. As a further direct and proximate result of the actions of defendants, Sergeant Donald C. O'Hara and Police Officers John Doe #1-15, as more fully set forth above, the plaintiff, Curtis Massey, has been and will be obliged to receive and undergo medical

attention and care and incurred medical expenses and may continue to incur additional expenses for an indefinite period of time in the future, all to his great detriment and loss, which dates of treatment to date include, but are not limited to the following:

> Lankenau Medical Center
> Emergency Room and Radiology Departments
> 4/10/13                                                     $2,635.00
>                                                              +_____
>
>                                        **TOTAL:**      **$2,635.00**

27.    As a further direct and proximate result of the actions of defendants, Sergeant Donald C. O'Hara and Police Officers John Doe #1-15, as more fully set forth above, the plaintiff, Seneit Alamayo, may be obliged to receive and undergo medical attention and care and may incur expenses for an indefinite period of time in the future, all to her great detriment and loss,

**COUNT I - 42 U.S.C. §1983**
**FOURTH AMENDMENT  - EXCESSIVE FORCE AND ILLEGAL SEIZURE**
**CURTIS MASSEY AND SENEIT ALAMAYO v. SERGEANT DONALD C. O'HARA BADGE**
**NUMBER 308 AND POLICE OFFICERS JOHN DOE #1-15**

28.    All preceding paragraphs are fully incorporated by way of reference.

29.    As aforesaid, defendants, Sergeant Donald C. O'Hara and/or Police Officers John Doe #1-15, deprived the plaintiffs of their rights, privileges and immunities under the Laws and Constitutions of the United States; in particular, the right to be free from the use of excessive force; all of which actions violated the plaintiffs' rights under the Fourth Amendment to the Constitution of the United States.

30.    As aforesaid, defendants, Sergeant Donald C. O'Hara and/or Police Officers John Doe #1-15, deprived the plaintiffs of their rights, privileges and immunities under the Laws and

Constitutions of the United States; in particular, the right to be free from illegal and/or unreasonable seizures; all of which actions violated the plaintiffs' rights under the Fourth Amendment to the Constitution of the United States.

31.     As aforesaid, defendants, Sergeant Donald C. O'Hara and/oe Police Officers John Doe #1-15, intentionally, wantonly, maliciously, and /or recklessly abused the plaintiffs and used their position of authority to illegally and improperly punish the plaintiff, by the above-described actions, all of which violated the plaintiff's rights under the Fourth Amendments to the Constitution of the United States.

32.     As a direct and proximate result of the malicious, intentional and/or wanton actions of the defendants, the plaintiffs, Curtis Massey and Seneit Alamayo, suffered injuries as described above.

33.     The actions of the defendants, in their individual capacity, were so malicious, intentional, wanton and/or reckless and displayed such a reckless indifference to the plaintiffs' rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiffs, Curtis Massey and Seneit Alamayo, demand compensatory and punitive damages against defendants, Sergeant Donald C. O'Hara and Police Officers John Doe #1-15, in an amount sufficient to fairly and adequately compensate the plaintiff and punish and deter such conduct on the part of defendant, along with interest, costs, attorney's fees and other appropriate relief.

**COUNT II - 42 U.S.C. 1983**
**ILLEGAL ENTRY**
**CURTIS MASSEY AND SENEIT ALAMAYO v. SERGEANT DONALD C. O'HARA BADGE NUMBER 308 AND POLICE OFFICERS JOHN DOE #1-15**

34.     All preceding paragraphs are fully incorporated by way of reference.

35.   As aforesaid, defendants, Sergeant Donald C. O'Hara and Police Officers John Doe #1-15, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the Gun Violence Task Force, City of Philadelphia, Philadelphia Police Department, Office of the District Attorney of the City of Philadelphia and/or OPAG; deprived the plaintiffs of their rights, privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States; in particular, the right to be free from unreasonable search and seizure, all of which actions violated the plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

36.   As aforesaid, defendants, Sergeant Donald C. O'Hara and Police Officers John Doe #1-15, acting within the scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the defendant, Gun Violence Task Force, of the City of Philadelphia Police Department, Office of the District Attorney of the City of Philadelphia and/or OPAG, intentionally and illegally entered the home of plaintiffs, Curtis Massey and Seneit Alamayo, without a warrant or any other legal justification which violated the plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

37.   As a direct and proximate result of the malicious, intentional, and/or reckless actions of the defendants, Sergeant Donald C. O'Hara and/or Police Officers John Doe #1-15,

the plaintiffs, Curtis Massey and Seneit Alamayo, suffered injuries that are described above.

38.    The above-described actions of the defendants, Sergeant Donald C. O'Hara and/or Police Officers John Doe #1-15, in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiffs' rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE,** Plaintiffs, Curtis Massey and Seneit Alamayo, demand compensatory and punitive damages against defendants, jointly and/or severally, in an amount sufficient to fairly and adequately compensate the plaintiff and punish and deter such conduct on the part of defendant, along with interest, costs, attorney's fees and other appropriate relief.

<u>**COUNT II - 42 U.S.C. §1983**</u>
<u>**BYSTANDER/SUPERVISOR LIABILITY**</u>
<u>**CURTIS MASSEY AND SENEIT ALAMAYO v. SERGEANT DONALD C. O'HARA**</u>
<u>**BADGE NUMBER 308 AND POLICE OFFICERS JOHN DOE #1-15**</u>

39.    All preceding paragraphs are fully incorporated by way of reference.

40.    Defendants, Sergeant Donald C. O'Hara and/or Police Officers John Doe #1-15, were present when the plaintiffs constitutional rights were violated.

41.    Defendants, Sergeant Donald C. O'Hara and/or Police Officers John Doe #1-15, knew or had reason to know that the plaintiffs were suffering excessive force and/or illegal entry and further had reason to know that this violated their constitutional rights.

42.    Defendants, jointly and/or severally, had a duty, and a realistic opportunity to intervene and prevent the harm from occurring, but failed and/or refused to do so.

43.    Defendants, Sergeant Donald C. O'Hara and/or Police Officers John Doe #1-15, failure to intervene and halt the unconstitutional conduct of Sergeant Donald C. O'Hara and Police

Officers John Doe #1-15, resulted in the plaintiff sustaining the injuries as set forth above.

**WHEREFORE**, Plaintiffs, Curtis Massey and Seneit Alamayo, demand compensatory and punitive damages against defendants, jointly and/or severally, in an amount sufficient to fairly and adequately compensate the plaintiff and punish and deter such conduct on the part of defendant, along with interest, costs, attorney's fees and other appropriate relief.

**COUNT IV - 42 U.S.C. §1983**
**CUSTOM, POLICY AND PRACTICE - MONELL CLAIM**
**CURTIS MASSEY AND SENEIT ALAMAYO v. CITY OF PHILADELPHIA, OFFICE OF**
**THE DISTRICT ATTORNEY OF THE CITY OF PHILADELPHIA AND KATHLEEN**
**KANE OFFICE OF THE PENNSYLVANIA ATTORNEY GENERAL**

44.    All preceding paragraphs are fully incorporated by way of reference.

45.    The plaintiffs, Curtis Massey and Seneit Alamayo, believe and therefore aver that the defendants, City of Philadelphia, Office of the District Attorney of the City of Philadelphia and/or OPAG has adopted and maintained for many years a recognized and accepted policy, custom, and/or practice of condoning and/or the acquiescence in the use of excessive force and illegal entry against innocent citizens who have committed no crime by the members of the Gun Violence Task Force; systematically verbally and physically abusing individuals, and subjecting them to the same type of treatment to which plaintiffs were subjected, which policy constitutes the use of excessive force in violation of the Fourth Amendment of the Constitution of the United States.

46.    The plaintiffs believe and therefore aver that defendants, City of Philadelphia, Office of the District Attorney of the City of Philadelphia and/or OPAG have adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, supervise and/or discipline officers and/or members of the Gun

Violence Task Force, including the individual defendants, Sergeant Donald C. O'Hara and Police Officers John Doe #1-15, regarding constitutional restraints on the entry into homes and use of force, which policy violates the Fourth Amendment of the Constitution of the United States.

47.    The defendants, City of Philadelphia, Office of the District Attorney of the City of Philadelphia and/or OPAG, have been deliberately indifferent to the rights of citizens to be free from the use of excessive force, in violation the plaintiff's rights under the Fourth Amendment of the Constitution of the United States.

48.    The plaintiff believes and therefore avers, that at the time of the aforementioned incident, the defendants, City of Philadelphia, The District Attorney of the City of Philadelphia and/or OPAG, knew or should have known of the above described policy, practice and/or custom of the Gun Violence Task Force, and that it deliberately, knowingly, and recklessly failed to take measures to stop or limit the policy, including, inter alia, providing proper training, supervision, discipline, and control of the officers, agents, and/or employees of the Gun Violence Task Force, including the named defendants.

49.    The plaintiffs believe and therefore aver that the defendants, City of Philadelphia, Office of the District Attorney of the City of Philadelphia and/or OPAG, have adopted and maintained for many years a recognized and accepted policy, custom and/or practice of failing to properly investigate matters in which members of the Gun Violence Task Force unlawfully used unjustifiable and/or excessive force and illegally entered citizens' homes, which allows for and results in an encouragement to officers within the Gun Violence Task Force to continue doing same, and creates policies, practices and/or customs allowing

officers to proceed in this manner and creates an atmosphere for the allowance of the use of excessive force without fear of punishment.

50.     By failing to take action to stop or limit the policy and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, custom and/or practice, defendants, City of Philadelphia, Office of the District Attorney of the City of Philadelphia and/or OPAG, condoned, acquiesced in, participated in and perpetrated the policy, custom and/or practice in violation of the plaintiffs' rights under Fourth Amendment of the Constitution of the United States.

51.     As a proximate result of the malicious, intentional, and/or reckless actions of the defendants, the plaintiffs suffered injuries as described above.

**WHEREFORE**, Plaintiffs, Curtis Massey and Seneit Alamayo, demand compensatory damages against defendant, City of Philadelphia, Office of the District Attorney of the City of Philadelphia and/or OPAG, jointly and/or severally in an amount sufficient to fairly and adequately compensate the plaintiff, along with interest, costs, attorney's fees and other appropriate relief.

**ABRAMSON & DENENBERG, P.C.**

**BY:**     s/ *Alan E. Denenberg*
          **ALAN E. DENENBERG, ESQUIRE**
          **IDENTIFICATION NUMBER: 54161**
          **1315 WALNUT STREET, 12TH FLOOR**
          **PHILADELPHIA, PA  19107**
          **215-546-1345**